UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DUSTIN LAMAR SAMUELS, : | |
| : | |
| Plaintiff, : | Civ. No. 15-7362 (RBK) (AMD) |
| : | |
| v. : | |
| : | |
| WARDEN SKRADZINSKI, et al., : | **OPINION** |
| : | |
| Defendants. : | |
| : | |

**ROBERT B. KUGLER, U.S.D.J.**

## I. INTRODUCTION

Plaintiff is a pretrial detainee currently detained at the Salem County Correctional Facility in Woodstown, New Jersey. He is proceeding *pro se* with a civil rights complaint filed pursuant to 42 U.S.C. § 1983.

At this time, this Court must screen the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)B) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted or because it seeks monetary relief from a defendant who is immune from suit. For the following reasons, the complaint will be permitted to proceed in part.

## II. BACKGROUND

The allegations of the complaint will be construed as true for purposes of this screening Opinion. The complaint names the following defendants: (1) Warden Skradzinski; (2) Deputy Warden; (3) Health Department; (4) Sgt. Welch; (5) C.O. Sobkiw; (6) C.O. Dacciaio; and (7) C.O. Cleveland.

The allegations of the complaint stem from an incident that occurred on February 10, 2015 while plaintiff was at the Salem County Correctional Facility. He claims that a response team was called into his unit on that date. Subsequently, plaintiff was handcuffed by Sobkiw who kicked plaintiff a number of times in his genital region. Plaintiff also alleges that Welch repeatedly kicked, kneed and punched him in the head which caused his head to slam to the ground. Cleveland punched him in his right side and Dacciaio punched plaintiff in his neck, left side and rib cage.

Plaintiff then went to the medical department where a doctor could clearly see his swollen head and busted lip. Plaintiff explained to the doctor the cause of his injuries. However, the doctor told him that he would be alright and sent him to the detention unit cell #26.

While still handcuffed and now in cell #26, Dacciaio punched plaintiff repeatedly in the head while he was told to shut his mouth.

Plaintiff alleges he suffered severe pain and requests monetary damages.

### III.   LEGAL STANDARDS

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't,* 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins,* 487 U.S. 42, 48 (1988).

Under the Prison Litigation Reform Act, Pub.L. 104–134, §§ 801–810, 110 Stat. 1321–66 to 1321–77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis, see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana,* 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling,* 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard,* 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 42 U.S.C. § 1997e(c)(1)); *Courteau v. United States,* 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)). That standard is set forth in *Ashcroft v. Iqbal,* 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), as explicated by the United States Court of Appeals for the Third Circuit. To survive the court's screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside,* 578 F.3d 203, 210 (3d

Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster,* 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal,* 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

*Pro se* pleadings, as always, will be liberally construed. *See Haines v. Kerner,* 404 U.S. 519 (1972). Nevertheless, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.,* 704 F.3d 239, 245 (3d Cir.2013) (citation omitted) (emphasis added).

### IV.   DISCUSSION

A.  <u>Defendant Health Department</u>

Plaintiff fails to state a § 1983 claim against the Health Department as the Health Department is not considered a "person" under § 1983. *See Ruff v. Health Care Adm'r*, 441 F. App'x 843, 845-46 (3d Cir. 2011) (per curiam) (citing *Fischer v. Cahill¸*474 F.2d 991, 992, (3d Cir. 1973) (per curiam)). Therefore, plaintiff's § 1983 claims against the Health Department will be dismissed with prejudice.

To the extent that the complaint could be construed as containing state law claims against the Health Department, this Court will decline to exercise supplemental jurisdiction over those claims. *See* 28 U.S.C. 1367(c)(3); *T.R. v. Cnty. of Delaware*, No. 13-2931, 2013 WL 6210477, at *8 (E.D. Pa. Nov. 26, 2013) (declining supplemental jurisdiction over state law claims over one defendant where there are no viable claims against that defendant, despite the fact that plaintiff

4

may have plead plausible claims against another defendant) (citation omitted); *see also Nadal v. Christie*, No. 13-5477, 2014 WL 2812164, at *8 (D.N.J. June 23, 2014).

    B.  <u>Defendants Welch, Sobkiw, Dacciaio and Cleveland</u>

As a pretrial detainee at the time of the incident giving rise to the complaint, plaintiff's allegations against the correctional officer defendants, Welch, Sobkiw, Dacciaio and Cleveland (collectively the "correctional officer defendants") "are considered under the Fourteenth Amendment's Due Process Clause, which prohibits the State from imposing punishment on those who have not yet been convicted of a crime, rather than the Eighth Amendment's prohibition against cruel and unusual punishment." *Robinson v. Beckles*, No. 10-0362, 2015 WL 4511693, at *4 (D. Del. July 24, 2015) (citing *Bell v. Wolfish*, 441 U.S. 520, 535-39 (1979)). Courts apply an objective standard when considering a pretrial detainee's claim of excessive force. *See Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2472-73 (2015). Thus, "a pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable." *Id.* at 2472. This objectiveness "turns on the 'facts and circumstances of each particular case.'" *Id.* (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)). "A court must make this determination from the prospective of a reasonable officers on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." *Id.* Additionally, in *Kingsley*, the Supreme Court explained that:

> A court must also account for the "legitimate interests that stem from [the government's] need to manage the facility in which the individual is detained," appropriately deferring to "policies and practices that in th[e] judgment" of jail officials "are needed to preserve internal order and discipline and to maintain institutional security." *Bell v. Wolfish,* 441 U.S. 520, 540, 547, 99 S. Ct. 1861, 60 L.Ed.2d 447 (1979).
>
> Considerations such as the following may bear on the reasonableness or unreasonableness of the force used: the

5

> relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting. See, *e.g., Graham, supra,* at 396, 109 S.Ct. 1865.

*Kingsley*, 135 S. Ct. at 2473.

Applying this standard, the Court will permit plaintiff's claims against the correctional officer defendants to proceed past screening based on the allegations in the complaint.

  C.  <u>Defendants Warden Skradzinski & Deputy Warden</u>

Plaintiff also names Warden Skradzinski and the Deputy Warden as defendants. He claims that they are liable because they failed to investigate his complaints of assault from their officers at the Salem County Correctional Facility.

At the outset, this Court notes that plaintiff cannot rely solely on a *respondeat superior* theory of liability against a defendant for Section 1983 liability. *See Alexander v. Gennarini*, 144 F. App'x 924, 925 (3d Cir. 2005) (per curiam) ("Section 1983 liability cannot be found solely on the basis of *respondeat superior*."). Instead, a plaintiff must allege that a supervisor had a personal involvement in the alleged wrongs. *See Rode v. Dellaciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (citation omitted).

In this case, plaintiff states that the Warden and Deputy Warden are liable because they failed to investigate his complaints. Nevertheless, failure to respond to his complaints about the correctional officer defendants does not state a Section 1983 claim against these defendants. Indeed, a plaintiff appealing grievances to the prison administrator is typically not enough to impose knowledge against the prison administrator of the wrongdoing. *See Gordon v.*

*Scarborough,* No. 12–1057, 2013 WL 1145754, at *4 (D.Del. Mar. 18, 2013) ("[A]fter-the-fact review of a grievance is not enough to establish personal involvement for a § 1983 claim."); *Croom v. Wagner,* No. 06–1431, 2006 WL 2619794, at *4 (E.D.Pa. Sept. 11, 2006) ("[N]either the filing of a grievance nor an appeal of a grievance to Warden Wagner is sufficient to impose knowledge of any wrongdoing.") (citing *Rode,* 845 F.2d at 1208; *Pressley v. Blaine,* No. 01–2468, 2006 U.S. Dist. LEXIS 30151, at *17 (W.D.Pa. May 17, 2006) (citing *Garfield v. Davis,* 566 F. Supp. 1069, 1074 (E.D.Pa. 1983))); *see also Brooks v. Beard,* 167 F. App'x 925, 925 (3d Cir. 2006) (allegations that prison officials responded inappropriately to inmate's later filed grievances do not establish the involvement of those officials in underlying deprivation); *Alexander v. Gennarini,* 144 F. App'x 924, 925 (3d Cir.2005) (per curiam) ("Section 1983 liability cannot be found solely on the basis of *respondeat superior.* The District Court properly dismissed Alexander's claims as against Defendants Klem and Burks, as the allegations related to these defendants merely assert their involvement in the post-incident grievance process.") (internal citation omitted). Furthermore, this is not a situation where plaintiff has alleged an ongoing violation that could potentially make these two supervisory defendants liable. *See Cardona v. Warden – MDC Facility*, No. 12-7161, 2013 WL 6446999, at *5 (D.N.J. Dec. 6, 2013) (collecting cases and noting that a plaintiff may have a claim against a supervisory defendant who reviewed a grievance where the plaintiff alleges an ongoing violation). Indeed, the complaint stems from the correctional officer defendants purported use of excessive force on one occasion. Accordingly, plaintiff fails to state a Section 1983 claim against Warden Skradzinski and the Deputy Warden and the Section 1983 claims against these two defendants will be dismissed without prejudice.

To the extent that the complaint could be construed as containing state law claims against Warden Skradzinski and the Deputy Warden, this Court will decline to exercise supplemental jurisdiction over them. *See* 28 U.S.C. 1367(c)(3); *T.R.*, 2013 WL 6210477, at *8; *see also Nadal*, 2014 WL 2812164, at *8.

## V.     CONCLUSION

For the foregoing reasons, plaintiff's claims against the correctional officer defendants shall be permitted to proceed. Plaintiff's federal claims against the Health Department shall be dismissed with prejudice for failure to state a claim upon which relief may be granted and the Court will decline to exercise supplemental jurisdiction over plaintiff's state law claims against this defendant (to the extent they are raised). Plaintiff's federal claims against defendants Warden Skradzinski & Deputy Warden shall be dismissed without prejudice for failure to state a claim and the Court will decline to exercise supplemental jurisdiction over plaintiff's state law claims against these two defendants (to the extent they are raised). An appropriate Order will be entered.

DATED: November 30, 2015

s/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge
